NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-306

COMMONWEALTH

vs.

JOSE MELENDEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On appeal from his convictions on multiple charges of aggravated rape of a child and a related charge, the defendant contends that the evidence at trial was insufficient to support the convictions, and raises other claims of error.  Discerning in the defendant's various claims no cause to disturb the judgments, we affirm, addressing the defendant's various claims in turn.

1.  Sufficiency of the evidence.  The defendant's challenge to the sufficiency of the evidence rests on his contention that the victim's inability to make an in-court identification of him as the perpetrator of the crimes left the Commonwealth without sufficient proof that he committed the crimes.  We review a challenge to the sufficiency under the familiar Latimore standard: "[t]he question is whether, after viewing the evidence

in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979).

Though the victim did not identify the defendant in court as his assailant, other evidence, viewed in combination, sufficed to permit a rational jury to infer that the defendant was the perpetrator.[1]  The victim testified that his assailant was a teacher named "Mr. Melendez."[2]  The victim also described his assailant as a bald Latino "teacher guy" in the victim's classroom when he was in sixth and seventh grades at a particular school.  Alison Brown and Claudia Gutierrez, other teachers at the victim's school, identified the defendant in

_____

[1] "It is not necessary that any one witness should distinctly swear that the defendant was the man, if the result of all the testimony, on comparison of all its details and particulars, should identify him as the offender."  Commonwealth v. Coates, 89 Mass. App. Ct. 728, 732 (2016), quoting Commonwealth v. Doe, 8 Mass. App. Ct. 297, 300 (1979).

[2] As the Commonwealth observes, the defendant's contention that the prosecutor improperly elicited the defendant's surname from the victim by posing a leading question does not raise a question of the sufficiency of the evidence; when determining sufficiency of the evidence, we evaluate all evidence admitted at trial, without regard to the propriety of the admission.  See Commonwealth v. Sepheus, 468 Mass. 160, 164 (2014).  In any event, there was no objection to the question at trial, and the use of a leading question does not render evidence inadmissible.  See Commonwealth v. Lamontagne, 42 Mass. App. Ct. 213, 218 (1997).

court, and confirmed that he was the paraprofessional assigned to Brown's (and the victim's) classroom at the relevant times. The Commonwealth also introduced payroll and employment records, establishing that the defendant was employed in that capacity, and that he was at work at the times the assaults occurred. No other paraprofessionals with the surname "Melendez" were employed at the school during the relevant time.

The victim's inability to make an in-court identification of the defendant goes to the weight of the evidence, rather than its sufficiency. See Commonwealth v. Casale, 381 Mass. 167, 175-176 (1980).

2. Closing argument. There is likewise no merit to the defendant's various claims that the prosecutor engaged in improper argument during her closing. Several of the claims raised by the defendant on appeal were not the subject of objection at trial, so we consider any error solely for a substantial risk of a miscarriage of justice. See Commonwealth v. McCoy, 456 Mass. 838, 845-846 (2010). First, there was no impropriety in the prosecutor's identification, in her closing argument, of the defendant as the perpetrator of the assaults. The prosecutor is entitled in closing argument to marshal all evidence adduced at trial, and to "argue forcefully for a conviction based on the evidence and on inferences that may reasonably be drawn from the evidence" (quotation and citation

3

omitted).  Commonwealth v. Martinez, 476 Mass. 186, 200 (2017).[3]
The prosecutor's reference to first complaint testimony of the
victim's maternal aunt was likewise not improper.  Read in
context, the testimony to which the prosecutor referred was
employed to bolster the credibility of the victim's testimony,
an entirely appropriate purpose of first complaint testimony.
See Commonwealth v. Kennedy, 478 Mass. 804, 814 (2018).
Finally, the prosecutor's reference to Dr. Block's testimony
concerning "weapon focus effect" was, as the Commonwealth
observes, faithful to the evidence.  There was no error, and so
no substantial risk of a miscarriage of justice.

The defendant's preserved claim of improper argument fares
no better.  The prosecutor's rhetorical question asking whether
the victim's inability to identify the defendant in court might
have resulted from poor vision finds support in the evidence, in
the testimony by the victim's maternal aunt (who testified that
the victim had glasses but did not use them because he did not
like using them), and the testimony of the victim's teacher,
Brown (who testified that the victim rarely wore his glasses

_____

[3] Nor is there any impropriety in the prosecutor's reliance
on the victim's response to a leading question.  See note 2,
supra.

4

during class, so she had him sit toward the front of the classroom so he could see the blackboard).[4]

3. _Ineffective assistance_. Though the maternal aunt's testimony that she was "pretty nervous, and surprised" when the victim disclosed the assaults to her was irrelevant, and therefore would have been excluded had trial counsel objected, its admission was of extremely limited significance. A timely objection by trial counsel would not "have accomplished something material for the defense" (citation omitted), Commonwealth v. Ng., 489 Mass. 242, 250 (2022), or raised "a serious doubt whether the result of the trial might have been different" (citation omitted). Commonwealth v. Souza, 492 Mass. 615, 627 (2023).[5]

4. _Inadequate investigation_. Finally, there is no merit to the defendant's claim that his conviction should be reversed by reason of the failure of police to "properly investigate" all potentially exculpatory evidence. See Commonwealth v. Walters, 485 Mass. 271, 286 (2020)(though prosecution "obligated to

---

[4] The prosecutor's comment on the victim's demeanor during his testimony, including his apparent reluctance to look at the defendant, likewise was not improper. See Commonwealth v. Johnson, 102 Mass. App. Ct. 195, 204 (2023).

[5] The fact that the victim's uncle was present when he disclosed the assault to his aunt is immaterial, since the uncle did not testify. See Commonwealth v. King, 445 Mass. 217, 242-243 (2005), cert denied, 546 U.S. 1216 (2006).

5

disclose all exculpatory evidence in its possession, it is under no duty to gather evidence that may be potentially helpful to the defense").[6]

Judgments affirmed.

By the Court (Green, C.J., Henry & Ditkoff, JJ.[7]),

*Assistant Clerk*

Entered:  May 3, 2024.

---

[6] The defendant's claim that the judge was required to administer an instruction pursuant to Commonwealth v. Bowden, 379 Mass. 472 (1980), is contrary to settled law.  See Commonwealth v. Durand, 475 Mass. 657, 674 (2016).

[7] The panelists are listed in order of seniority.